```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
---------------------------------------X
MITCHELL N. KAY, LAW OFFICES,

                    Plaintiff,        02 CV 3146

     -against-

CHICAGO INSURANCE COMPANY AND          ANSWER
SALENA OSLAN,

                    Defendants.
---------------------------------------X
```

Defendant Chicago Insurance Company ("CIC"), by its attorneys, Mintzer Sarowitz Zeris Ledva & Meyers and Steinberg & Cavaliere, LLP, as and for its Answer to the Complaint in this action, states as follows:

1. Neither admits nor denies the allegations contained in paragraph 1 of the Complaint, and respectfully refers the Court to the Complaint to ascertain its contents.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint.

3. Admits the allegations contained in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint.

5. Neither admits nor denies the allegations contained in paragraphs 5 and 6 of the Complaint, and respectfully refers the Court to the Complaint to ascertain its contents.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint, except denies that venue is proper and admits that plaintiff has been sued in an underlying putative class action entitled Selena Oslan, et al. v. Law Offices of Mitchell N. Kay, Case No. 01-CVD-6043 (E.D.Pa.) and that CIC is subject to personal jurisdiction in this judicial district.

7. Denies each and every allegation contained in paragraph 8 of the Complaint, and respectfully refers the Court to the Complaint to ascertain its contents.

8. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint, and respectfully refers the Court to the Complaint in the underlying putative class action to ascertain its contents.

9. Denies the allegations contained in paragraph 10 of the Complaint, except admits that CIC issued lawyer's professional liability claims-made insurance policy no. LWB-3000831-0 and that a premium was paid therefor.

10. Denies the allegations contained in paragraph 11 of the Complaint, except admits that a premium was paid for the policy and respectfully refers the Court to the policy to ascertain all of its terms and conditions.

11. Denies the allegations contained in paragraphs 12, 13 and 14 of the Complaint.

12. Denies the allegations of paragraph 15 of the Complaint, except admits that CIC has disclaimed coverage with respect to the underlying putative class action.

13. Denies the allegations contained in paragraph 16 of the Complaint.

## AS TO THE FIRST COUNT

14. With respect to the allegations contained in paragraph 17 of the Complaint, CIC repeats and realleges the responses set forth in paragraphs 1 through 13 hereof with the same force and effect as if set out at length herein.

15. Denies each and every allegation contained in paragraph 18 of the Complaint.

## AS TO THE SECOND COUNT

16. With respect to the allegations contained in paragraph 19 of the Complaint, CIC repeats and realleges the responses set forth in paragraphs 1 through 15 hereof with the same force and effect as if set out at length herein.

17. Denies each and every allegation contained in paragraph 20 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18. Plaintiff is not entitled to defense or indemnity coverage from CIC under the insurance policy at issue because plaintiff did not comply or timely comply with a condition precedent to such coverage, *i.e.*, the policy condition obligating plaintiff to immediately forward to CIC every demand, notice,

summons or other process received by the insured or the insured's representative.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.   For the convenience of parties and witnesses, in the interest of justice, venue of this action should be changed to the United States District Court for the Southern District of New York, which is a district where the action might have been brought.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.   CIC reserves its rights to deny coverage based upon any other terms, conditions, exclusions or other provisions of the policy which hereinafter may appear to apply.

WHEREFORE, CIC demands that Judgment be entered:

1.   dismissing the Complaint with prejudice;

2.   declaring that CIC is not obligated to provide defense or indemnity coverage to plaintiff with respect to the underlying putative class action;

3.   awarding CIC its costs, disbursements and reasonable attorney's fees herein; and/or

    4.   granting such other, further or different relief as the Court deems just and proper.

Dated:    Philadelphia, Pa.
            July 22, 2002

                                    MINTZER SAROWITZ ZERIS LEDVA
                                        & MEYERS

                                    By_____

                                    1528 Walnut Street, 22nd Floor
                                    Philadelphia, Pa.  19102
                                    (215) 735-7200

                                    STEINBERG & CAVALIERE, LLP
                                    50 Main Street, Suite 901
                                    White Plains, New York 10606
                                    (914) 761-4200

                                    Attorneys for Defendant
                                        Chicago Insurance Company

S&C#KAY ANSWER.WPD