MITCHELL N. KAY, LAW OFFICES,
UNITED STATES DISTRICT COURT
Plaintiff, EASTERN DISTRICT OF PENNSYLVANIA
-against-
02-CV-3146
CHICAGO INSURANCE COMPANY
and SALENA OSLAN,

Defendants.
----------------------------X

REPLY MEMORANDUM OF LAW OF DEFENDANT CHICAGO
INSURANCE COMPANY IN FURTHER SUPPORT OF MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. §§ 1404(a)

Preliminary Statement

Defendant Chicago Insurance Company ("CIC") submits this memorandum of law in further support of its motion to transfer venue of this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1404(a).
In its opposition papers, the insured simply ignores the most compelling reasons why this action should be transferred to the Southern District of New York. This action is an insurance coverage dispute arising out of a professional liability policy issued to a New York law firm through a New York insurance broker pursuant to a program sponsored by the New York State Bar Association. The policy was issued to the insured in New York and includes a "New York Amendatory Endorsement," which contains various terms and conditions designed to comply with certain New York statutes or regulations promulgated by the New York State Department of Insurance. Thus, it is ludicrous to call this action a "Pennsylvania insurance coverage litigation" as the insured does. Plaintiff's Memorandum of Law, p. 6.
The numerous "reasons" listed by the insured in support of why this insurance coverage litigation should remain in New York have no force whatsoever. Accordingly, for the reasons set forth in CIC's motion papers, and not refuted by the insured, this dispute should be litigated in New York, not Pennsylvania.
Argument

THIS ACTION SHOULD BE TRANSFERRED TO NEW YORK

A. The Insured Does Not Dispute CIC's Contention That This Action Could Have Been Brought In New York

In CIC's moving memorandum of law, CIC argued that the nominal defendant in this action, Salena Oslan, should be realigned as a plaintiff so that this case can be transferred to New York. CIC's Memorandum of Law, pp. 2-5. In its opposition to CIC's motion, the insured takes no issue with that proposition.
Accordingly, this Court can and should find that CIC has demonstrated that this action could

have been brought in the Southern District of New York.

B. The Insured Has Not Meaningfully Refuted CIC's Contention That The Relevant Factors Favor Transferring This Action To New York

In its moving papers, CIC demonstrated that this action should be transferred to New York because, inter alia, (1) plaintiff's choice of forum is not entitled to great weight because he is not a resident of this district, (2) CIC is not a resident of this district, (3) this insurance coverage dispute arises out of a professional liability policy issued to a New York professional through a New York insurance broker pursuant to a program sponsored by the New York State Bar Association, and (4) New York law will apply to this coverage dispute. CIC Memorandum of Law, pp. 5-8. The insured does not even purport to contradict those statements. Rather, the insured relies on an amalgam of 13 spurious reasons to oppose CIC's motion. Plaintiff's Memorandum of Law, pp. 1-3.

First, the insured states that "Mitchell Kay, at all relevant times, conducted business in Pennsylvania." Aside from the fact that this statement is irrelevant to the coverage dispute, it is an astounding admission since he apparently is not admitted to practice law in Pennsylvania. Reasons (2) through (9) relate solely to the location of the underlying class action, i.e., where the class action is pending, where the claimants reside, where the supposed witnesses reside, where the documents are located, where Mitchell Kay's lawyers are located, where Mitchell Kay's documents are located and where the class was allegedly injured. These reasons are frivolous and irrelevant.

As discussed in CIC's moving papers, the location of the underlying action, which itself has no bearing on the construction of the insurance policy, is fortuitous and meaningless. Nor does the location of witnesses and documents in and around Philadelphia make New York an inconvenient forum. The insured does not even identify the witnesses or documents in and around Philadelphia which could have any bearing on the relatively simply coverage issue presented in this lawsuit, i.e., whether the insured provided CIC with immediate notice of the underlying action, as required under the terms of the policy issued by CIC.

Further, with respect to the matter of convenience, this Court noted in Idasetima v. Wabash Metal Products, Inc., 2001 U.S. Dist. LEXIS 19726 (E.D. Pa. 2001), at *10, a "122-mile differential . . . is not conclusive of significant inconvenience." And this Court can take judicial notice of the fact that the distance between lower Manhattan and Center City Philadelphia is only about 90 miles.

In that decision, this Court also rejected the location of plaintiff's counsel as a relevant factor. Id., at *11. Thus, the location of the insured's counsel is irrelevant to the venue of this case.

The final four reasons proffered by the insured are equally meritless. The fact that any potential liability of the insured will arise in Philadelphia has no bearing whether this New York insurance policy entitles him to coverage in this matter. The unsubstantiated and unexplained allegation that the insured will suffer prejudice if the coverage action is litigated in New York —— where he has his main office (he has no office in Pennsylvania) —— is simply incredible.

As for convenience of the parties, the insured's office is in New York and CIC wants to litigate in New York. Thus, it cannot be gainsaid that the convenience of the parties lies in New York. Moreover, as noted above, this Court has indicated that convenience is not a significant issue when the two fora at issue are only 90 miles apart. And, finally, Pennsylvania has no interest, strong or otherwise, in construing a New York insurance policy under New York law.

The cases relied on by the insured are clearly distinguishable. In Picker International, Inc. v. Travelers Indemnity Co., 35 F. Supp. 2d 570 (N.D. Ohio 1998), the court denied an insurer's motion to change venue of the insured's declaratory judgment action from Ohio to New York where, unlike here, the insured had chosen to litigate in its home forum. The court properly gave that choice "much deference." 35 F. Supp. 2d at 573. In addition, the insured's principal place of business was in Ohio, its chosen forum. In this case, to the contrary, the insured's principal place of business is not in its chosen forum, but rather is in New York. Thus, in that case, the weight of those factors, which are not present in this case, outweighed the fact the New York law might apply to the insurance dispute.

For similar reasons, Britamco Underwriters, Inc. v. Raymond E. Wallace Special Productions, Inc., 56 F. Supp. 2d 542 (E.D. Pa. 1999), does not help the insured. There, there insurer chose to litigate where the underlying events occurred and it was "far from clear" whether the law of the insured's home state would govern the insurance policy at issue.

Conversely, and apropos of this case, in Dinterman v. Nationwide Mutual Ins. Co., 26 F. Supp. 2d 747 (E.D. Pa. 1998), surprisingly cited by the insured here, the court granted an insurer's motion to transfer an insured's action from the Eastern District of Pennsylvania to the Western District of Pennsylvania. There, like here, the insured was not a resident of the Eastern District. In addition, the court noted that the Eastern District lacked subpoena power over at least four potential witnesses because they resided more than 100 miles from the Eastern District. Here, as discussed above, the unidentified Philadelphia witnesses presumably live within 100 miles of the Southern District of New York. Thus, the Dinterman case supports CIC's motion to transfer venue. In sum, the insured has not refuted the strong showing made in CIC's moving papers in support of changing the venue of this action.

Conclusion

WHEREFORE, it is respectfully requested that defendant Oslan be realigned as a plaintiff in this action and that this action be transferred to the Southern District of New York.

Dated: Philadelphia, Pa.
November 7, 2002

MINTZER SAROWITZ ZERIS LEDVA
& MEYERS

By
Jonathan M. Field
Attorney ID# 52581
1528 Walnut Street, 22nd Floor
Philadelphia, Pa. 19102
(215) 735-7200

STEINBERG & CAVALIERE, LLP
50 Main Street, Suite 901
White Plains, New York 10606
(914) 761-4200
Attorneys for Defendant
Chicago Insurance Company